IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> STILLMAN LAW OFFICE, <br><br> Defendant. | CIVIL ACTION <br><br><br> NO. 23-2433-KSM |

MEMORANDUM

Marston, J.                                                                                               March 28, 2024

*Pro se* Plaintiff Gary Johnson, Jr. brings claims against Defendant Stillman Law Office for violating the federal criminal code, the Federal Fair Debt Collection Practices Act ("FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"). (Doc. No. 10 at 9–12.) Stillman Law moves for summary judgment on all claims. (Doc. No. 20.)[1] For the reasons discussed below, the motion is granted in part and denied in part.

---

[1] Johnson has filed what he terms, "Plaintiff's Motion for Summary Judgment." (Doc. No. 21.) That motion includes one sentence: "Plaintiff Gary Johnson respectfully moves the Court to enter summary judgment in its [sic] favor and against Defendant Stillman Law Office." (*Id.* at 1.) He also filed multiple exhibits. (Doc. Nos. 21-1 to 21-9.) He has not, however, filed a brief or memorandum explaining the relevance of the exhibits or why summary judgment is appropriate. *See* E.D. Pa. Local R. 7.1(c) (requiring that every motion be "accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion" and that the opposing party provide "a brief in opposition"); *Miller v. Cadmus Commc'ns*, Civil Action No. 09–cv–02869, 2010 WL 762312, at *5 (E.D. Pa. Mar. 1, 2010) ("Pursuant to Local Rule 7.1(c), all litigants are required to address substantive matters in a meaningful manner."). Accordingly, the Court denies Johnson's "motion." In any event, even considering the exhibits attached to Johnson's motion and viewing all evidence in the light most favorable to him, the Court finds that Johnson is not entitled to summary judgment. As the Court explains in this Memorandum, summary judgment on each claim is either granted in Stillman Law's favor or precluded because fact disputes render it inappropriate at this stage.

I.  **BACKGROUND**

   A.  Facts[2]

Johnson attended the University of Maryland, Eastern Shore from 2006 to 2012. (Doc. No. 23 at ¶ 1.) He did not pay for his education out of pocket, and instead, financed it using federal student loans from Sallie Mae. (*See id.* at ¶ 2;[3] *see also* Doc. No. 20-3 at 16–20 (Federal Student Aid loan summary produced by the University).) On September 11, 2014, an Education Refinance Loan was submitted to Citizens Bank, N.A. under Johnson's name. (Doc. No. 23 at ¶ 3[4]; *see also* Doc. No. 20-4 at 6–15.) Citizens approved the application and informed Johnson that it had disbursed $86,126.75 to Sallie Mae to resolve Johnson's federal student loans. (Doc.

---

[2] Where there are disputes of fact, the Court construes those facts in the light most favorable to Johnson. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[At] summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." (quotation marks and alterations omitted)).

[3] Johnson disputes this fact, stating that he "lacks sufficient information to form a belief as to the truth of this statement" and that he "does not have personal knowledge of the transaction between Sallie Mae and [the University]." (Doc. No. 23 at ¶ 2.) He then cites to his own deposition where he responded, "I don't know," when asked, "Did Sallie Mae fund your education? Did you obtain the original loan from Sallie Mae?" (*Id.*; Johnson Dep. Tr. at 11:6–8 (included in the record as Doc. No. 20-2).) But "such a response does not create a material dispute of fact." *Carpenters Combined Funds ex rel. Klein v. Klingman*, No. 2:10–cv–63, 2011 WL 92083, at *3 (W.D. Pa. Jan. 11, 2011); *see also, e.g.*, Fed. R. Civ. P. 56(c), (e) (explaining that when a party "asserting that a fact . . . is genuinely disputed" fails to support that assertion by "citing to particular parts of materials in the records" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute," the court may "consider the fact undisputed for purposes of the motion"); *United States v. Denneny*, Civil Action No. 12–4057, 2013 WL 6671495, at *4 (E.D. Pa. Dec. 18, 2013) ("Because Thomas has produced no evidence suggesting the assessments are, in fact, incorrect, he has failed to show there is a genuine factual dispute as to this issue."); *cf. Houghton v. Am. Guar. Life Ins. Co.*, 692 F.2d 289, 295 (3d Cir.1982) ("A mere demand for proof does not create a material issue of fact requiring the denial of a motion for summary judgment.").

[4] Johnson disputes having applied for the loan himself (*see* Johnson Dep. Tr. at 42:23–25 ("Q. But it's your position you never applied for that loan? A. Correct."); *id.* at 79:17–21 ("[Q.] So whether as a natural person, as a consumer, as Gary Johnson, as you and I are talking here today, or as Johnson, colon, Gary, agent, slash, beneficiary, have you ever made an application to Citizens Bank for an education refinance? A. No.")), even though he concedes that the application contains "the names, then-current addresses, employment information, educational information, and other demographic information about Gary Johnson Jr. and his father, Gary Johnson Sr." (Doc. No. 23 at ¶ 4). Because the Court must, for purposes of this motion, construe this disputed fact in Johnson's favor, *see supra* n.2, we assume that Johnson did not himself apply for the loan.

No. 23 at ¶ 5.[5])  From October 2014 to July 2022, Johnson made regular payments to Citizens Bank (Johnson Dep. Tr. at 41:19–43:8) because he believed he "was under a financial obligation" to repay Citizens Bank for the loan (Doc. No. 23 at ¶ 7).  In 2022, he stopped making payments, (*id.* at ¶ 8), and Citizens Bank hired Stillman Law to recover the remaining balance (*id.* at ¶ 9[6]; Doc. No. 20-4 at 1 ¶ 5).

In that capacity, Stillman Law sent Johnson a letter on January 25, 2023, which stated that "Stillman Law Office is a debt collector . . . trying to collect a debt that [Johnson] owed Citizens."  (Doc. No. 20-6; *see also* Doc. No. 23 at ¶ 10.)  The letter also explained that as of that date, Johnson owed $73,825, and the letter told Johnson what steps he could take to dispute the debt.  (Doc. No. 20-6.)  In response, Johnson sent a letter dated January 30, 2023, which told the law firm to "CEASE AND DESIST further communication through all mediums regarding such alleged debt."  (Doc. No. 23 at ¶ 12; *see also* Doc. No. 20-7 at 5.)  Johnson also attached an "Invoice," which directed Stillman Law to pay Johnson $11,000 for violations of the FDCPA caused by its initial letter.  (Doc. No. 20-7 at 7.)

When Johnson did not hear back from Stillman Law, he sent a second letter on April 26,

---

[5] Again, Johnson disputes this fact, claiming he "lacks sufficient information to form a belief as to the truth of this statement."  (Doc. No. 23 at ¶ 5.)  That argument fails.  *See supra* n.3.  It is also inconsistent with his own testimony that he paid Citizens Bank money for approximately six years because he "thought [he] was paying off . . . a loan that was given on my behalf . . . to Sallie Mae . . .who [Citizens Bank] paid money to."  (Johnson Dep. Tr. at 42:14–22.)  Johnson also disputes this fact under Federal Rule of Evidence 602, arguing that Stillman Law lacks "personal knowledge of [the] transaction" between Citizens Bank and Sallie Mae.  (Doc. No. 23 at ¶ 5.)  This argument fails because Stillman Law does not need personal knowledge that the transaction occurred; other admissible evidence establishes as much.  (*See* Doc. No. 20-4 at 12 (Private Education Loan Final Disclosure from Citizens Bank to Johnson, which states $86,126.75 was "paid to others on [Johnson's] behalf").)

[6] Johnson disputes this fact, claiming he "lacks sufficient information to form a belief as to the truth of this statement."  (Doc. No. 23 at ¶ 9.)  That argument fails.  *See supra* n.3.  And contrary to Johnson's assertion that Stillman Law "does not have personal knowledge of the transaction and accounting records," the law firm submitted the Declaration of Dawn M. Blair, in which Ms. Blair avers, based on her personal knowledge as Partner and Legal Manager for Stillman Law, that Citizens Bank hired the law firm in 2022 (Doc. No. 20-4 at 2 ¶¶ 2, 5).

2023.  (Doc. No. 20-8 at 2.)  In that letter, he claimed the law firm was "now in DEFAULT for failure to pay the invoice attached to [his] cease and desist" letter.  (*Id.*)  Johnson reiterated his belief that Stillman Law's initial collection letter was "unlawful" and "deemed to be an unfair, deceptive practice in commerce" in violation of the FDCPA and the FCEUA.  (*Id.*)  Last, Johnson exclaimed, "THERE WAS NEVER NO [sic] MUTUAL AGREEMENT OR CONSIDERATION EXCHANGED SUFFICIENT ENOUGH [to] SUPPORT A SIMPLE CONTRACT BETWEEN YOU AND I.  You never had no [sic] prior consent granted by me or any express permission of a court of competent jurisdiction to ever communicate with me in the collection of any alleged debt!"  (*Id.*; *see also* Doc. No. 23 at ¶ 15.)  Attached to this letter was an identity theft report that Johnson submitted to the Federal Trade Commission on April 18, 2023, attesting that he was "a victim of identity theft due to Stillman Law Office [sic] actions by committing aggravated identity theft by obtaining [his] nonpersonal public information from a 3rd party source without [his] consent."  (Doc. No. 20-8 at 4.)  Johnson's second letter also included another copy of the "Invoice," this time with a label, "PAST DUE."  (*Id.* at 6.)  Last, he included what he titled an "Affidavit of Fact," which claimed Stillman Law violated numerous provisions of the federal criminal code, the FDCPA, and the FCEUA.  (*Id.* at 8–11.)  Among other things, Johnson stated that Stillman Law Office had falsely represented "the character, amount, or legal status" of the debt.  (*Id.* at 10 ¶ 25.)

Construing Johnson's second letter as disputing the existence of the underlying debt, Stillman Law mailed a response on May 15, 2023, which included verification of the purported loan between Citizens Bank and Johnson.  (Doc. No. 20-9; *see also* Doc. No. 20-4 at 4 ¶ 13.)  The body of Stillman Law's response letter was one sentence:  "In response to your request, enclosed please find verification of the debt."  (Doc. No. 20-9 at 2.)  As an end note, Stillman

Law also again disclosed that it was a "debt collector." (*Id.*)

### B. Procedural History

On May 23, 2023, Johnson filed suit against Stillman Law in the Philadelphia County Court of Common Pleas. His Complaint, submitted as a "Statement of Fact," for the most part, mirrored the "Affidavit of Fact" that Johnson sent to Stillman Law with his second April 26, 2023 letter. (*Compare* Doc. No. 10 at 3–12, *with* Doc. No. 20-8 at 8–11.) Stillman Law removed the action to this Court on June 26, 2023. (*See* Doc. No. 1.) In the Complaint, Johnson maintains that Stillman Law violated multiple provisions of the federal criminal code, the FDCPA and the FCEUA. (Doc. No. 10 at 3–12.) Stillman Law moves for summary judgment on all claims. (Doc. No. 20.) Johnson opposes that motion. (Doc. Nos. 23, 25.)

## II. LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248.

"[A]party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted); *see also id.* at 325 ("[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case."). After the moving party has met its burden, the nonmoving party is required to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 323 (quotation marks omitted); *see also Matsushita Elec. Indus. Co.*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).  "[U]nsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010).

### III.  DISCUSSION

Stillman Law moves for summary judgment, arguing that Johnson has no private cause of action for violations of federal criminal law and that he has failed to put forth evidence to support his claims for violations of the FDCPA and the FCEUA.  (Doc. No. 20-10.)  The Court addresses each category of violations in turn.

#### A.  Violations of the Criminal Code

In his Complaint, Johnson argues that Stillman Law willfully violated 18 U.S.C. §§ 894 and 1341.  (Doc. No. 10 at 11 ¶¶ 32, 33.)  Johnson also cites, without discussion, 18 U.S.C. §§ 1028(a) and 1028A(a).  (*Id.* ¶¶ 30, 31.)  All four provisions are housed in Title 18 of the United States Code, which covers federal crimes and criminal procedure.  *See* 18 U.S.C. § 894 (collection of extensions of credit by extortionate means); *id.* § 1028(a) (fraud and related activity in connection with identification documents, authentication features, and information); *id.* § 1028A(a) (aggravated identity theft); *id.* § 1341 (frauds and swindles).  Stillman Law argues

6

that it is entitled to summary judgment on these claims because "[t]here is no private right of action" under the United States Criminal Code. (Doc. No. 20-10 at 7–8.) The Court agrees. *See, e.g.*, *Conquest v. WMC Mortg. Corp.*, 247 F. Supp. 3d 618, 647 (E.D. Pa. 2017) ("[A] criminal statute of general applicability does not create a private right of action."); *Graf v. Iora*, CIVIL NO: 3:23-CV-01375, 2023 WL 7031544, at *3 (M.D. Pa. Sept. 20, 2023) ("Graf cannot bring a private action under any of the criminal statutes he cites because no such private action exists."). Accordingly, summary judgment is granted in Stillman Law's favor as to these claims.[7]

### B. Violations of the FDCPA

Next, Johnson's claims that Stillman Law violated nine provisions of the FDCPA. (Doc. No. 10 at 10–11 (claiming Stillman violated 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(5), 1692c(a), 1692c(c),1692d(2), 1692e(2), 1692e(10), and 1692j(a)).[8])

---

[7] Stillman Law also moves for summary judgment on Johnson's "claims that Stillman violated the Graham-Leach-Bliley Act ('GLBA'), 15 U.S.C. § 6801, *et seq.*," arguing that there is likewise no private right of action under the GLBA. (Doc. No. 20-10 at 7–8.) Although Johnson does not cite the GLBA in his Complaint, he does allege that he "never granted any lawful consent to Stillman Law Office" or "to Citizens Bank, N.A." to obtain and share his non-public, personal information. (Doc. No. 10 at 9 ¶¶ 3–4.) The GLBA states it "is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). To the extent Johnson meant to assert a cause of action for violations of the GLBA, there is no such private right of action, and Stillman Law is also entitled to summary judgment on this claim. *See id.* § 6805(a) ("This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission . . . ."); *see also, e.g.*, *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 893 F. Supp. 2d 75, 83 (D.D.C. 2012), *aff'd in part, rev'd in part on other grounds by* 787 F.3d 524 (D.C. Cir. 2015) (citing § 6805(a) and concluding that "the Gramm-Leach-Bliley Act does not provide for a private right of action" (cleaned up)); *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("[T]here is no private right of action under GLBA.").

[8] In Johnson's brief in opposition to Stillman Law's motion for summary judgment, he also references § 1692e(3). (*See* Doc. No. 23-1 at 9.) But a "plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (quotation marks omitted). Because Johnson did not allege a violation of § 1692e(3) in his Complaint (*see* Doc. No. 10 at 9–12), the Court does not consider this claim further.

"The FDCPA is a remedial statute and the Court construes its language broadly, so as to effect its purpose." *Strouse v. Enhanced Recovery Co.*, 956 F. Supp. 2d 627, 632 (E.D. Pa. 2013) (quotation marks omitted).  "In its findings Congress observed that 'existing laws and procedures' enacted to remedy the injuries occasioned by abusive debt collectors 'are inadequate to protect consumers.'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(b)).  Accordingly, it passed the FDCPA to "provide[ ] consumers with a private cause of action against debt collectors who fail to comply with" the Act's provisions.  *Strouse*, 956 F. Supp. 2d at 632 (citing 15 U.S.C. § 1692k).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).  Only the fourth prong is at issue here.  As stated above, Johnson claims Stillman Law violated nine provisions of the FDCPA:  §§ 1692b(1), 1692b(2), 1692b(5), 1692c(a), 1692c(c), 1692d(2), 1692e(2), 1692e(10), and 1692j(a).  Stillman Law argues that Johnson has failed to put forth any evidence to support a violation under eight of those provisions.  (Doc. No. 20-10 at 9–10 (failing to mention Johnson's claims under § 1692c(c)).)  The Court addresses each provision in turn.  In doing so, we are mindful that "to give effect to the Act's intent to protect the gullible as well as the shrewd," the court must "analyze[ ] the statutory requirements from the perspective of the least sophisticated debtor." *Id.* (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008)).

      **1.**    <u>**15 U.S.C. § 1692b(1), (2), and (5)**</u>

First, Johnson claims Stillman Law violated § 1692b(1), (2), and (5).  (Doc. No. 10 at 10.)

8

The FDCPA includes a general prohibition that "[e]xcept as provided in section 1692b of this title" a debt collector may not, "without the prior consent of the consumer given directly to the debt collector[,] . . . . communicate, in connection with the collection of any debt, with any person *other than* the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C § 1692c(b) (emphasis added).  Section 1692b, in turn, allows limited communications when necessary to determine the consumer's location.  Specifically, it states that when a "debt collector communicat[es] with any person *other than the consumer* for the purpose of acquiring location information about the consumer," certain restrictions apply.  15 U.S.C. § 1692b (emphasis added).  For example, § 1692b(1) mandates that the representative of the debt collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer."  Section 1692b(2), in turn, prohibits the debt collector from telling the other person that the "consumer owes any debt," and § 1692b(5) similarly prohibits the debt collector from using "any language or symbol on any envelope or in the contents of any [mail] communication . . . that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt."

Here, Johnson has not put forth any evidence to suggest Stillman Law violated any subsection of § 1692b.  To the extent that Johnson is arguing Stillman Law violated § 1692b(1), (2), or (5) because it communicated with Citizens Bank about his debt and personal information, that argument is unavailing because such communications are authorized by the FDCPA.  *See* 15 U.S.C § 1692c(b) (stating a debt collector may not "without the prior consent of the consumer given directly to the debt collector . . . . communicate, in connection with the collection of any

9

debt, with any person *other than . . . the creditor*. . . ." (emphasis added)).  To the extent he claims his own conversations with Stillman Law violated § 1692b(1), (2), or (5), the claims fail because such communications are authorized under § 1692c(b), *see id.*, and § 1692b restricts only those communications that a debt collector has about the consumer's location "with any person *other than the consumer*," *id.* § 1692b.  Johnson has put forth no evidence that Stillman Law communicated with anyone but Citizens Bank and himself about the debt, let alone that those alleged conversations failed to comply with any subsection of § 1692b.  *See, e.g.*, *Voltz v. Weiler*, No. 1:22cv656, 2023 WL 4060298, at *3 (M.D. N.C. Mar. 22, 2023) (dismissing § 1692b(5) claim based on use of company's logo in debt letter because "Defendants addressed the debt letter to Plaintiff, and therefore did not use a symbol identifying Defendants as in the debt collection business when 'communicating with any person *other than* the consumer'" (quoting 15 U.S.C. § 1692b(2))); *Olley v. SunTrust Bank*, CIVIL ACTION NO. 3:21-cv-00047-TCB-RGV, 2021 WL 9624559, at *3 (N.D. Ga. May 14, 2021) (same).  *Contra. Clayson v. Rubin & Rothman*, 751 F. Supp. 2d 491, 496 (W.D.N.Y. 2010) (finding the debt collector "communicated with plaintiff's mother twice about plaintiff's debt without plaintiff's authorization" in violation of §§ 1692(b)(2) and 1692c(b)).[9]

---

[9] During his deposition, Johnson suggested that Stillman Law violated § 1692b(5)—which prohibits a debt collector from using "any language or symbol on any envelope . . . that indicates that the debt collector is in the debt collection business"—because Stillman Law included its name on the envelopes that it sent to Johnson, and someone who saw that envelope could research the firm's name and learn it is in the debt collection business.  (*See* Johnson Dep. Tr. at 60:6–62:18.)  But the law firm's name, which does not use the word "debt" or "collections," is not a "symbol . . . that indicates that [Stillman Law] is in the debt collection business."  Indeed, Johnson's own testimony concedes that further investigation is required before anyone would know that the letter involves the collection of a debt.  *Cf.* 15 U.S.C. § 1692f(8) ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . .  [T]he following conduct is a violation of this section:  Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."); *Olley*, 2021 WL 9624559, at *3 ("Olley has not explained how the mere use of the SunTrust logo on the envelope containing its communication

Accordingly, Stillman Law is granted summary judgment on Johnson's FDCPA claims premised on violations of 15 U.S.C. § 1692b(1), (2), and (5).

### 2. 15 U.S.C. § 1692c(a)

Next, Johnson claims Stillman Law violated 15 U.S.C. § 1692c(a) because it did not have his express consent to contact him about the loan when it sent its initial collections letter on January 25, 2023. (Doc. No. 10 at 11 ¶ 24.) But § 1692c(a) does not say that debt collectors must have express written consent from a consumer before reaching out. Instead, that section states:

> (a) **Communication with the Consumer Generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) *at an unusual time or place or a time or place known or which should be known to be inconvenient* to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;
>
> (2) *if the debt collector knows the consumer is represented by an attorney with respect to such debt* and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or
>
> (3) *at the consumer's place of employment* if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a) (emphases added). Johnson has not alleged, let alone put forth evidence to

---

indicated that it was in the debt collection business. . . ." (cleaned up)).

show, that Stillman Law communicated with him about the debt at an unusual time or place, that he was ever represented by an attorney in connection with the debt, or that Stillman Law sent its communications to Johnson's place of employment. As such, Stillman Law is entitled to summary judgment on his FDCPA claim premised on a violation of 15 U.S.C. § 1692c(a).

### 3. 15 U.S.C. § 1692d(2)

Third, Johnson claims that Stillman law violated 15 U.S.C. § 1692d(2), which prohibits a debt collector from using "obscene or profane language the natural consequence of which is to abuse the hearer or reader." (Doc. No. 10 at 11 ¶ 25.) Johnson does not identify which language in Stillman Law's communications he considers "obscene or profane." (*See generally id*. *But cf.* Johnson's Dep. Tr. at 84:10–85:20 (testifying that "a debt collector reaching out to me. That's— that's—to me, the way I took it, that's obscene and profane").) And the Court's independent review of the letters reveals that the language used was neither abusive nor harassing. To the contrary, the language used "is typical, benign informational language that often appears in a collection letter." *Murray v. Capio Partners*, Civil No. 23-842, 2023 WL 4956443, at *4 (E.D. Pa. Aug. 3, 2023) (dismissing claim brought under § 1692d(2)); *see also Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985) ("[I]t is clear that, when read in context, subsection (2) was meant to deter offensive language which . . . might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks. . . . The language of Credit Bureau's letters is not remotely offensive. The letters contained no personal comments directed towards Jeter. Thus, subsection (2) does not encompass Jeter's claim."). Accordingly, summary judgment is also entered in Stillman Law's favor on Johnson's FDCPA claim to the extent it is premised on a violation of 15 U.S.C. § 1692d(2).

### 4. 15 U.S.C. § 1692e(2) and (10)

Next, Johnson claims Stillman Law willfully violated 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (Doc. No. 10 at 11 ¶¶ 26–27.) Johnson specifically references subparagraphs (2)(A) and (10) of that section (*see id.*), which respectively prohibit the "false representation of . . . the character, amount or legal status of any debt" and the "use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. § 1692e(2)(A), (10); *see also McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) ("Each of these provisions deals with debt collectors' representations to debtors."). Johnson disputes that he owes any debt to Citizens Bank and argues that because Stillman Law's letters identify this debt and assert that it is owed by him, their communications were necessarily "false" and "deceptive." (Doc. No. 23-1 at 9.)

Stillman Law argues that these claims fail because Johnson "has produced no evidence" to support the proposition that he "is not responsible for the loan." (Doc. No. 20-10 at 10.) But that is not entirely true. Although Johnson's deposition reads like he is trying to teach a Master Class in semantics and word play, he does clearly deny ever having applied for the Citizens Bank loan. (*See* Johnson Dep. Tr. at 42:23–25 ("Q. But it's your position you never applied for that loan?  A. Correct."); *id.* at 79:17–21 ("[Q.] So whether as a natural person, as a consumer, as Gary Johnson, as you and I are talking here today, or as Johnson, colon, Gary, agent, slash, beneficiary, have you ever made an application to Citizens Bank for an education refinance? A. No.").) As dubious as this testimony may be,[10] the Court cannot make credibility

---

[10] As noted previously, Johnson concedes that the loan application contains his full name, social security number, and date of birth. (Johnson Dep. Tr. at 15:4–12.) The application also contains

determinations at summary judgment and *must* view the evidence in the light most favorable to Johnson. *See supra* n.2. So , the Court has no choice but to find an issue of fact as to whether Stillman Law's communications included "false statements" about the "legal status" of the debt—i.e., Stillman Law stated Johnson owed $73,825 to Citizens Bank when he did not.[11] *See Stuart v. AR Resources, Inc.*, Civil Action No. 10–3520, 2011 WL 904167, at *4 (E.D. Pa. Mar. 16, 2011) ("Courts within the Third Circuit have consistently held that an attempt to collect a debt from a non-debtor constitutes a 'false representation' as to the character or status of the debt in violation of 1692e."); *Velazquez v. NCO Fin. Sys., Inc.*, Civil Action No. 2:11–CV–00263, 2011 WL 2135633, at *5 (E.D. Pa. May 31, 2011) ("[W]e find that demanding payment from the wrong individual, even where the collector mistakenly sends one letter may give rise to a claim under the FDCPA as a matter of law."); *see also Dutton v. Wolhar*, 809 F. Supp. 1130, 1137 (D. Del. 1992) ("An issue of fact exists as to whether an unsophisticated consumer, upon receiving defendants' letter to plaintiff Dutton, would believe himself legally obligated to pay the debt incurred by his father. Dutton's motion for partial summary judgment on defendants' alleged § 1692e(2)(A) violation will be denied."). Accordingly, Stillman Law's motion for summary

---

Johnson's father's correct full name, social security number, and date of birth. (*See* Gary Johnson, Sr. Dep. Tr. at 28:18–29:10.) Johnson also made payments to Citizens Bank in connection with the loan from 2015 to 2021. (*See* Doc. No. 23 at 2–3 ¶ 6.)

[11] Stillman Law's Amended Answer asserts an affirmative defense based on § 1692k(c). (*See* Doc. No. 14 at 4.) That section states, "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Stillman Law did not, however, argue this defense at summary judgment (*see generally* Doc. Nos. 20, 24), so the Court does not consider it further, *see, e.g., Evankavitch v. Green Tree Serv'g, LLC*, 793 F.3d 355, 363 (3d Cir. 2015) (explaining that § 1692k(c) "explicitly places the burden on the debt collector to prove that it acted unintentionally and had procedures in place to avoid such an error"); *Johnson v. Riddle*, 443 F.3d 723, 727–28 (10th Cir. 2006) ("[A]n FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error.").

judgment is denied as to Johnson's FDCPA claim premised on a violation of § 1692e(2)(A).

The Court does, however, grant summary judgment in Stillman Law's favor on Johnson's FDCPA claim premised on a violation of § 1692e(10) because it is duplicative of Johnson's claim under § 1692e(2)(A). *See Beattie*, 754 F. Supp. at 394 ("Plaintiffs have alleged no false or deceptive conduct beyond the fact that defendants demanded payment from persons who were not responsible for the debt and the alleged threat of a lawsuit. The court has already found that defendants' statements that the debt was owed by plaintiffs may best be characterized as a representation concerning the status or character of the debt. Consequently, the conduct complained of has been specifically addressed by subsection 1692e(2)(A)."); *cf. Dutton*, 809 F. Supp. at 1140–41 ("Because O'Dell has failed to assert any action by defendant not already specifically addressed by other provisions of the FDCPA, her motion for partial summary judgment under § 1692e(10) will be denied.").

### 5. <u>15 U.S.C. § 1692j(a)</u>

Last, Johnson argues that Stillman Law willfully violated 15 U.S.C. § 1692j(a). (Doc. No. 10 at 11 ¶ 28.) That provision makes it "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor . . . is participating in the collection or in an attempt to collect a debt" that the consumer owes to the creditor, "when in fact such person is not so participating." 15 U.S.C. § 1692j(a). Section 1692j(a) "imposes liability on parties who provide *creditors* with dunning letters[12] that create a *false* impression that someone other than the creditor is trying to collect the debt." *Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 167 (D. Del. 1991). The legislative

---

[12] A "dunning letter" is an "insistent or repeated demand[ ] for payment." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 300 (3d Cir. 2008).

history of the FDCPA explains that this provision targets a practice known as "flat-rating," where a person sends "creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency" and insisting "the debtor pay the creditor at once." *Id.* (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5). The creditor then sends these letters to the debtor, "giving the impression that a third party debt collector is collecting the debt," when in fact, the "flat-rater is not in the business of debt collection," and merely sells dunning letters. *Id.* at 167–68 (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5); *see also id.* (describing the practice as "inherently deceptive" (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5)).

Johnson has not put forth any evidence to suggest Stillman Law violated § 1692j(a). "First, § 1692j(a) only applies to situations w[h]ere a third party provides a creditor with dunning letters," but "there is no evidence, or even an allegation, that anyone provided the creditor" in this case, Citizens Bank, "with dunning letters." *Id.* at 168; *see also Clark v. Ratchford Law Grp., PC*, No. 5:21-cv-03358, 2022 WL 837241, at *3 (E.D. Pa. Mar. 21, 2022) ("[Section] 1692j(a) governs the conduct of form sellers, and Clark has not alleged that Galaxy is a form seller covered by § 1692j. Accordingly, this claim is dismissed."). Second, Stillman Law's letters did not create a "false" impression that someone other than Citizens Bank was trying to collect Johnson's outstanding debt. To the contrary, the letters created the *true* impression that Stillman Law was involved in collecting the debt. *See Anthes*, 765 F. Supp. at 168; *see also Alfaro v. Client Servs., Inc.*, Civil Action No. 11-05462 (CCC), 2012 WL 1150845, at *3 (D.N.J. Apr. 5, 2012) ("Plaintiff . . . does not allege that Defendant had not actually been retained by [the creditor] or that Defendant was otherwise not involved in the effort to collect the debt. As such, the Complaint fails to allege facts that could plausibly state a claim under § 1692j(a)"). Third, both parties agree that Stillman Law is a "debt collector," not a "flat rater," and "§ 1692j only

applies to 'flat raters.'" *Anthes*, 765 F. Supp. at 168 (explaining that a defendant "can be either a 'debt collector' or a 'flat rater,' but not both").

Accordingly, Stillman Law is entitled to summary judgment on Johnson's FDCPA claim premised on a violation of 15 U.S.C. § 1692j(a).

\* \* \*

In sum, Stillman Law's motion for summary judgment is granted as to Johnson's FDCPA claims premised on violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(5), 1692c(a), 1692d(2), 1692e(10), and 1692j(a). The motion is denied as to Johnson's FDCPA claims premised on violations of 15 U.S.C. §§ 1692c(c)[13] and 1692e(2)(A).

### C. Violations of the FCEUA

That leaves Johnson's claims Stillman Law violated the FCEUA. That statute provides, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the [FDCPA]." 73 Pa. Cons. Stat. § 2270.4(a). Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") "provides the private cause of action for FCEUA claims,"[14] and to survive summary judgment on a UTPCPL claim, the plaintiff must put forth evidence that they "'suffered an ascertainable loss *as a result of* a defendant's prohibited action.'" *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 626

---

[13] As noted above, Stillman Law sought summary judgment as to all of Johnson's claims but did not discuss this provision in its motion. (Doc. No. 20-10 at 9–10 (failing to mention Johnson's claims under § 1692c(c)).)

[14] Recognizing this principle, Stillman Law argues that it is entitled to summary judgment on Johnson's claim premised on a violation of the FCEUA because he "does not plead a cause of action under the UTPCPL in his Complaint and has thus offered the Court no basis upon which to grant him relief under the FCEUA." (Doc. No. 20-10 at 11.) But Johnson does reference the UTPCPL in his Complaint, noting that a violation of the FCEUA is a violation of the UTPCPL. (*See* Doc. No. 10 at 10 ¶ 16.) Because Johnson is proceeding *pro se*, the Court broadly construes his Complaint as bringing a claim under the UTPCPL. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Nevertheless, for the reasons discussed in this section, Stillman Law is entitled to summary judgment on this claim.

(E.D. Pa. 2016) (quoting *Kern v. Lehigh Valley Hosp., Inc.*, 180 A.2d 1281, 1290 (Pa. Super. Ct. 2015)); *see also Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 470–71 (M.D. Pa. 2019) ("[T]he FCEUA 'does not provide its own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL.'" (quoting *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015))); *Hall v. Equifax Info. Servs. LLC*, 204 F. Supp. 3d 807, 812 (E.D. Pa. 2016).

Here, Johnson has not put forth any evidence that he suffered an ascertainable loss as a result of Stillman Law's conduct. Although Johnson claims he has had to pay for legal filing fees and for transportation to and from the courthouse (Doc. No. 23 at 5 ¶ 17), neither constitutes an "ascertainable loss" under the UTPCPL. *See Hall*, 204 F. Supp. 3d at 812 (rejecting the plaintiff's argument that "legal fees" constitute an ascertainable loss under the UTPCPL); *cf. Grimes v. Enterprise Leasing Co. of Phila., LLC*, 105 A.3d 1188, 1193 (Pa. 2014) (holding that "the mere acquisition of counsel would not suffice to satisfy the 'ascertainable loss' requirement" and rejecting the appellee's contrary reading of the statute because that "reading would allow a plaintiff to manufacture the 'ascertainable loss' required to bring a private UTPCPL claim simply by obtaining counsel to bring a private UTPCPL claim; we presume that such an unreasonable result was not intended by the General Assembly").

Accordingly, summary judgment is granted in Stillman Law's favor on Johnson's UTPCPL claim premised on violations of the FCEUA.

### IV.     CONCLUSION

In sum, Johnson's motion for summary judgment is denied. Stillman Law's motion for summary judgment is denied in part and granted in part. The motion is denied as to Johnson's FDCPA claims premised on violations of § 1692c(c) and § 1692e(2)(A). The motion is granted, and judgment is entered in Stillman Law's favor on Johnson's remaining claims. Because this

case qualifies for the Court's mandatory arbitration program, it will be scheduled for arbitration.[15]  An appropriate order follows.

---

[15] This case was initially scheduled to go to arbitration on January 17, 2024, but the Court cancelled that arbitration with the understanding that it would be rescheduled if necessary following the adjudication of dispositive motions.  (*See* Doc. No. 19.)